Earl A. Griffy, Plaintiff, v. Cecil Ellis and Jack B. Golden, Defendants. Consolidated.
Clifford Wheeler, Plaintiff, v. Cecil Ellis and Jack B. Golden, Defendants.

Gen. No. 60–F–6.

Fourth District.

May 25, 1960.

Gosnell and Fitzpatrick, of Lawrenceville, for appellant.

J. E. Horsely and J. E. Gambill, of Craig and Craig, of Mattoon, and Walker J. Henry, of Lawrenceville, for appellee.

CULBERTSON, J.

The cause before us arose from actions for personal injuries and property damage arising out of a rear-end collision between a pickup truck owned and driven by plaintiff, Clifford Wheeler, in which plaintiff, Earl A. Griffy, was a passenger, and an auto transport tractor and trailer owned by defendant and counter-claimant, Jack B. Golden, and driven by defendant and counter-claimant, Cecil Ellis, which happened on U. S. Route No. 50 four and one-half miles east of Lawrenceville, on November 20, 1956. Separate actions were filed by Griffy and Wheeler against Ellis and Golden. Ellis and Golden filed counter-claims as against Wheeler. The cases were consolidated for trial. The jury returned a verdict of not guilty as to plaintiff Wheeler on his complaint, and entered verdicts in favor of counter-claimants Ellis and Golden upon their counter-claims against Wheeler, in the amounts of $7,000 and $300, respectively. A not guilty verdict was returned as to plaintiff Griffy upon his complaint.

On appeal in this case appellants contend that the Court was in error in consolidating the two causes of action for trial. The plaintiffs-appellants also contend that the verdicts are contrary to the evidence, that there was error in the admission of improper evidence, that there were errors in the giving of certain instructions, and that the verdict of Ellis was excessive and indicated passion and prejudice against counter-fendant Wheeler.

The evidence disclosed that as the automobile transport truck approached a bridge on route 50, it was illuminated with six electric lights and that the tail-

114

lights were two and a half to three inches in diameter. The collision occurred shortly after 6:00 in the morning and the lights were on at that time. The bridge was a narrow bridge and protected by a sign, "narrow bridge." Ellis and an approaching westbound truck driver apparently concluded at the same time that the bridge was too narrow for two trucks to pass upon it at the same time. There were two westbound trucks approaching the bridge from the east as Ellis approached from the west. Ellis decreased his speed by intermittent application of his brakes, thereby flashing his two brake lights, and signalled by flicking his headlights, and allowed the first westbound truck to enter and cross the bridge first. By the time the second westbound truck was moving along toward the bridge, Ellis was stopped, or nearly stopped, to allow that truck to enter the bridge first. Just as that truck was passing, the plaintiffs in a pickup truck (driven by Wheeler, in which Griffy was riding), struck the transport truck driven by Ellis. Apparently the lights of the approaching truck blinded Wheeler so that he did not see the rear-end lights on the truck driven by Ellis. Wheeler, Griffy, and Ellis all sustained personal injuries, and the vehicles were damaged in the collision.

■ Appellants in this court cite Rigotti v. Bailey, 348 Ill. App. 597, 109 N.E.2d 642, as a precedent to support the contention that it was improper and prejudicial for the Court to consolidate the cases for trial over plaintiffs' objection. In the case of Reinert v. Willing, 13 Ill.App.2d 163, 141 N.E.2d 399, the rule is summarized to the effect that consolidation of the host motorist's action against the driver of an oncoming automobile, for injuries resulting from a collision, with the guest injury action brought in the same court against the hosts and the driver of such oncoming automobile, was not an abuse of discretion on part of

115

the Trial Judge. A contention is made by appellants that the rule should not apply unless each party was on an adverse basis to all the others in the case. It is pointed out that in the instant case the plaintiff Griffy filed no suit against the plaintiff and counter-defendant Wheeler, but only had an action against defendants, Ellis and Golden. We do not feel that a distinction should be made upon such basis.

In the Supreme Court case of Johnson v. Moon, 3 Ill.2d 561, 121 N.E.2d 774, the Court allowed the application of a defendant administrator of a deceased automobile driver to bring in three adult parties defendant, and to assert as against the plaintiff and these additional parties a counter-claim for wrongful death of the administrator's intestate. The consolidation was approved by the Supreme Court, and the Court in that case stated, referring to the Civil Practice Act as amended (at page 568),

> "These provisions show a deliberate purpose to relax the common-law limitations upon the scope of an action and to broaden the rules as to those who may be joined as parties,
>
> "In many respects, the equitable standard of administrative convenience is substituted for the restrictive rules of the common law; in other instances, notably in the unrestricted permission to assert claims and cross demands between a single plaintiff and a single defendant, the statute expands the scope of an action beyond the former equitable limits. The power of the trial court to sever and to consolidate is relied upon to achieve orderly administration in the case of unlimited joinder of claims where a single plaintiff and a single defendant are involved. An additional safeguard which accompanies the broad joinder of multiple parties which the act permits is the requirement that the matters to be litigated arise

from the same 'transaction or series of transactions' and involve a common question or fact."

The consolidation of the cases before us, or the severance thereof, was a matter within the discretion of the Trial Court and, under the facts in the instant cause, we cannot say that this discretion was abused.

■ A simple review of the facts indicates that the contention that the verdict is contrary to the evidence cannot be sustained. There were questions of fact for the jury and a verdict on the basis of the record should not be disturbed.

■ A further contention is made that the use of a diagram which the counter-claimant Ellis prepared in the course of the trial was improper. The diagram was not an exhibit and was not taken to the jury room. The sketch was simply one made to show the location of the lights on the Ellis truck. We find no basis for the contention that the making of such drawing for the purpose of showing the location and position of the lights in conjunction with Ellis' testimony constituted reversible error.

■■ Appellants also contend that an instruction given which seeks to define "preponderance of the evidence" was in error. The instruction was as follows,

"The phrase, 'a preponderance of the evidence,' means the greater weight of the evidence, that is to say, such evidence as when weighed with the evidence which is offered to oppose it has more convincing power in the minds of the Jury."

This instruction was obviously proper and it was not error to give such instruction.

■ Objections are made to other instructions, one of which instructions was in the language of a statute pertaining to the issue and was obviously proper (Reese v. Buhle, 16 Ill.App.2d 13, 147 N.E.2d 431), and others which appellants contend single out evi-

dence but which, when read as a series, as instructions are required to be read, fairly and correctly state the law (Nowak v. Witt, 14 Ill.App.2d 482, 487, 144 N.E.2d 813). We have reviewed all the instructions and feel that the instructions, considered as a series, correctly stated the law and did not constitute reversible error.

Under the circumstances and on the record before us, we feel that this cause has been tried fairly and properly and that the record contains no reversible error. The judgment of the Circuit Court of Lawrence County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.