Johnny J. Washer, Plaintiff-Appellee, v. Charles T. Tanner, Defendant-Appellant.
Charles T. Tanner, Plaintiff-Appellant, v. Johnny J. Washer, Defendant-Appellee.

Gen. No. 67–83.

Third District.

October 8, 1968.

Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellant.

James Cunningham, of Peoria, for appellee.

SCHEINEMAN, J.

The two parties to this litigation, Mr. Washer and Mr. Tanner, while driving their own cars, had a collision on a busy city intersection, controlled by electric traffic lights. Each claims he proceeded on the green light and that the collision was the fault of the other party. The testimony of the parties, a policeman on duty at the intersection and pedestrians in the vicinity was highly conflicting and presented an obvious jury question. We will make no further reference to the facts of the collision. The jury found for Washer, and this appeal by Tanner presents claims of erroneous procedure to his prejudice.

About ten months after the occurrence Washer filed suit in Magistrate Court against Tanner for his car damages. Thereafter, Tanner filed suit in Circuit Court against Washer, claiming damages for personal injuries. Since the suits involved the same occurrence, the same parties and the same occurrence witnesses, the Court ordered the cases consolidated for trial. Pursuant to the Court's order, Washer was to have the opening and closing of testimony and argument.

██ The consolidation of cases growing out of the same occurrence, or otherwise involving similar issues, is a matter in the trial court's discretion. It is in frequent use in these days of voluminous litigation concerning traffic cases and the procedure has been approved in a number of reviewed cases. Evaskus v. Neff, 40 Ill App2d 416, 189 NE2d 542; Griffy v. Ellis, 26 Ill App2d 112, 168 NE2d 58; Ruggles v. Selby, 25 Ill App2d 1, 165 NE2d 733.

The appellant does not specifically assert that consolidation was error in this case, but he expressed so much

dissatisfaction with the procedure, and advances such unusual arguments, that this court considered it necessary to reassert that a procedure of consolidation has an important place in modern litigation, that it is approved by the courts of review and that it necessarily does involve some discretion on the part of the trial court.

The appellant very much resented the provision in the consolidation order which gave to Washer the right to open and close. He states as a rule of law:

"Whenever the plaintiff has anything to prove in order to secure a verdict, the right to open and close belongs to him and it is not within the discretion of the trial court to limit or deny that right."

This is the rule applied in certain special situations where one party has the burden of proof and the other party is not obligated to present any evidence. A typical case cited by appellant is Liptak v. Security Benefit Ass'n, 350 Ill 614, 183 NE 564.

In that case the plaintiff sued to recover insurance on her husband's life. The defendant admitted every material allegation in the complaint but sought to avoid liability on the ground the insurance certificate had been cancelled pursuant to the Association's bylaws. The plaintiff did not have to present any evidence, but the defendant had to prove its avoidance. In reversing the plaintiff's judgments, the Supreme Court held that the *defendant* having the sole burden of proof, had the right to open and close, and the trial judge had no discretion in this respect.

There are a number of cases of this type in the reports although they arise very seldom under our modern practice. There is no doubt of the existence of the rule, but it has no application to the case at bar. In this case both parties had the burden of proving charges of negligence against the other and their burdens were quite similar. The appellant's desire to apply the special rule in this case would result in absurd consequences. The

trial judge has undoubted discretion to consolidate cases of this type; if the consolidated trial involves more than one plaintiff having certain facts to prove, application of recited law would give each and every plaintiff the right to open and close, which is an impossibility. And the deprivation of any discretion in the judge compounds the difficulty.

We therefore assert that this absurdity does not exist in our law, for the simple reason that the cited rules do not apply in this type of case. When consolidation results in several parties having a burden of proof, the trial judge must necessarily direct the sequence of presentation. Our procedure is copied from New York law and the New York Courts of Review have repeatedly held that the discretion of the trial judge includes the power to direct that the sequence of presentation shall be in the order of filing the litigation. Lee v. Schmeltzer, 229 App Div 206, 242 NYS 34; Scovill v. Moab Realty Co., 229 App Div 756, 242 NYS 39.

The appellant here suggests that this court adopt a new rule of procedure, directing the trial judge to give precedence to the more serious case. This is impractical for a separate trial would often be needed before the judge could decide which litigant should go first. Moreover, if he has to decide such involved points, it might be more sensible to say he must decide which litigant has the more just claim and let him go first.

We do not believe that the appellant's claim for personal injuries makes his case necessarily the more serious. And the jury was not so impressed.

■ Next it is contended the trial court should have controlled the order for proof in Washer's case, restricting him to examination of witnesses as to his own claim and should not have allowed him to put in his entire case, including his defense of the Tanner case.

We do not propose to rule that the trial judge must take over the management of a litigant's case and tell

him what testimony may be introduced at a given time. An attorney is often compelled to follow some order of testimony according to the availability of witnesses. This is especially true of his medical experts. He already had a difficult time in managing these witnesses so as to not delay the trial. Any further restrictions imposed by the trial judge would make his obligations intolerable.

Referring back to our comment that the appellant does not specifically assert the court erred in consolidating these cases but proceeds to display complete dissatisfaction with the procedure. We may summarize his principal argument thus: First, he believes a simple expedient of asserting that Tanner suffered personal injuries should give Tanner a priority that displaces the normal procedure in consolidated cases. In this he is contending the court must assume that the claim of more serious injuries is meritorious and not open to question; second, he asserts a rule of law which is applied only in certain special situations of rare occurrence, and asks to have it applied where it is not applicable, to deprive the trial judge of his normal discretion; third, he seeks to have the court announce some new procedural devices, and would expect to have the case sent back for a new trial under the new rule; and, finally, he would have the trial judge take charge of the presentation of evidence to the exclusion of an attorney's control over his own case.

Our comments on the points made on this appeal do not disclose the extent of their presentation during the trial. This involved interruptions for presenting objections and arguments out of the presence of the jury, which amounted to repeated attempts to obtain a rehearing on the consolidation order, in the expectation the judge would change his ruling. This persistence did finally persuade the presiding judge to depart from normal procedure to the extent of allowing extra, additional closing arguments, with the agreement of opposing counsel.

■ Appellant also asserts that the trial judge improperly interrupted this attorney's closing arguments to make adverse rulings when there was no objection pending. Since we do not have the arguments before us, we cannot make any special ruling as to the court's comments. In general, we would say the trial judge should exercise some supervision over any attorney's comments and should admonish against arguments that seek to appeal to sympathy, or otherwise try to divert the jury from their proper function in the case.

The appellant also complains of the rulings on instructions. Examination thereof discloses that instructions tendered in behalf of Washer were in accordance with recommendations in IPI and were pertinent to the issues. The only Tanner instructions refused were considered by the trial judge to be repetitious and we think there was reasonable ground for this view. We are of the opinion that the jury was fairly instructed.

As to Tanner's assertion that the Washer complaint was in simplified form and was not amended until after the verdict, therefore the judge could not state the issues to the jury,—we do not believe a judge can sit through a trial, and find that he does not know what issues are presented to the jury.

The trial of this case was conducted according to current rules of practice and procedure and it is free from reversible error, therefore the judgment is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.