The City of Danville, a Municipal Corporation, Plaintiff-Appellee, v. Frank C. Frazier, Defendant-Appellant.

Gen. No. 11,052.

Fourth District.
May 22, 1969.

John A. Lambright, of Danville, for appellant.

William Young, of Danville, for appellee.

CRAVEN, J., delivered the opinion of the court.

This action was brought to recover a fine for the violation of an ordinance of the City of Danville. The complaint charged the defendant with driving a motor vehicle while under the influence of intoxicating liquor contrary to the terms and provisions of the ordinance. A jury trial of the issue resulted in a verdict of guilty and a fine, assessed by the jury, in the sum of $100.

By this appeal the defendant asserts that the judgment was predicated upon an improperly verified complaint, that the complaint is insufficient to sustain the judgment, and further that the trial court committed prejudicial and reversible error when he gave a certain oral instruction to the jury without discussing the instruction at the instruction conference.

The defendant, initially, was issued a traffic ticket for driving under the influence of intoxicating liquor. That traffic ticket commanded his appearance in court on March 6, 1968. He appeared in court on that date and made a motion for a verified complaint. The motion was allowed and the verified complaint was filed on March 25, 1968, and thereafter a motion to quash was filed. The court reserved its ruling on the motion to quash, the cause proceeded to trial and judgment was entered upon the verdict. The motion to quash was denied.

478

The complaint filed in response to the motion was verified before a notary public by Officer Edwin McGee of the Danville Police Department. By this verified complaint the officer stated that on the 22nd of February, 1968, at and within the corporate limits of the City of Danville, Vermilion County, a certain specified section of the ordinances of the City was violated, and that the affiant had reasonable grounds to believe the defendant was guilty thereof in that he did then and there operate a motor vehicle while under the influence of intoxicating liquor.

In People v. Harding, 34 Ill2d 475, 216 NE2d 147 (1966), the Illinois Supreme Court discusses the necessity for verification of a complaint, with particular reference to the Uniform Traffic Ticket, and there distinguishes between a sworn complaint as a prerequisite for the issuance of an arrest warrant and as a document on which an action may be commenced. The defendant contends that the verification in this case is insufficient because of the use of the terminology that the officer verifying the complaint ". . . [had] reasonable grounds to believe . . . ." and that by reason of this defective verification and the application of Harding, this judgment cannot stand.

By this complaint the complaining witness has stated that the defendant, on a day certain, violated a specified ordinance by a specific act. In Harding, a verified complaint was not filed. Here, however, the defendant, by his motion, obtained a verified complaint fully informing him of the specifics of the charge. The complaint was verified before a notary public and such verification is sufficient. Village of Willowbrook v. Miller, 72 Ill App2d 30, 217 NE2d 809 (2nd Dist 1966).

In the opening statement and in the argument to the jury, the attorney for the defendant, without objection

of the attorney for the plaintiff or without interruption by the court, stated to the jury that in addition to the penalty provided by the city ordinance for the offense, the State of Illinois, acting by and through the Secretary of State, would, in the event of conviction, revoke the driver's license of the defendant for a period of one year. After the arguments and before reading the written instructions, the court gave an instruction which had not been discussed in the conference on instructions. That instruction, in substance, told the jury that they should not consider the fact that there would be a revocation of the defendant's driver's license, if convicted. The giving of this oral instruction without discussing the same is asserted to be prejudicial error.

The City, in defense of the oral instruction, classifies it as an admonition to the jury rather than as an instruction. The record rather clearly indicates that the court considered that it was an instruction. A docket entry indicates: "Jury instructed including one instruction on Court's own motion not previously submitted to counsel, . . . ."

■ ■ Supreme Court Rule 239(b) (Ill Rev Stats 1967, c 110A, § 239(b)) and section 67(1) of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 67(1)) both contemplate an instruction conference, objections to instructions at that conference, and the giving of written instructions to the jury, unless the parties agree otherwise. The procedure here was a departure from these requirements. We do not condone this departure. See Hammer v. Slive, 27 Ill App2d 196, 169 NE2d 400 (2nd Dist 1960). Does such a departure absolutely command a reversal? We think not. It is uncontroverted here that counsel for the defendant made reference to a consequence of a finding of guilty unrelated to the merits of the instant proceeding. Counsel, in argument to the jury, is not permitted to expand into this area. The trial judge

is not relegated to being a mere referee ruling upon specific items presented or that develop during the trial. It is well settled that it is always the duty of the trial court to control the proceedings to the extent necessary to insure each litigant a fair trial. "If the argument of counsel is seriously prejudicial, a court should, of its own motion, stop the argument and direct the jury not to consider it. [Citing cases.]" Belfield v. Coop, 8 Ill2d 293, 313, 134 NE2d 249, 259, 58 ALR2d 1008, 1023 (1956).

██ Thus, in the context of this case, and within the rules requiring the trial judge to control the proceedings, the judge would clearly have been warranted in stopping the argument to the jury so far as it related to the ultimate consequence of a finding of guilty—a consequence clearly extraneous to the merits of this proceeding. The fact that he did so in the form of an oral instruction at the time of giving instructions rather than an admonition at the time of the offending conduct, is a matter of semantics rather than substance. In People v. Moore, 42 Ill2d 73, 246 NE2d 299, the Supreme Court held that a brief statement by the trial court, there not equated with an oral instruction, was not prejudicial.

We find no reversible error in the proceedings of the Magistrate Division of the Circuit Court of Vermilion County, and its judgment is affirmed.

Affirmed.

TRAPP, P. J. and SMITH, J., concur.