THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD WOESSNER, Defendant-Appellant.

(No. 70-81;

Second District—March 26, 1971.

Allan Ackerman and Frederick F. Cohn, both of Chicago, for appellant.

Albert Kennedy, State's Attorney, of Dixon, for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Ronald Woessner, appeals from a judgment and sentence of not less than 10 nor more than 11 years, entered on a jury verdict finding him guilty of the sale of marijuana. (Ill. Rev. Stat. 1967, ch. 38, pars. 22—3).

The defendant was indicted on February 8th, 1968, for the offense alleged to have occurred on November 8th, 1967. Inspector Grady of the Illinois Division of Narcotics Control and an informer testified to the transaction. Robert Henry, a participant in the alleged sale, also testified for the State. (Henry was separately indicted but his case was *nolle prossed* after he was granted immunity in exchange for his testimony against defendant.) In substance, the testimony was that the informer and Grady went to defendant Woessner and asked him if he knew where they could purchase marijuana; that he said he possibly could

make an arrangement to supply a quantity of marijuana; that defendant thereupon introduced them to one Michael Herzog; that subsequently Herzog and Henry met with Grady, the informer, and the defendant; and that after negotiations with Herzog and Henry, a price was agreed upon with Grady for the purchase of three ounces of marijuana. Grady testified that he gave the money to Herzog who in turn gave it to Henry; another witness testified that the money was given by Grady to defendant and then passed to Herzog and Henry. The packets were later picked up at a designated spot and opened and examined by Grady, the informer, and defendant. The informer testified that he rolled the marijuana into a cigarette, passed it to Grady who passed it to defendant, and that all of them agreed "that the marijuana, if it were in fact marijuana, was not very good".

Inspector Grady testified that he kept the items which were recovered on Thursday, November 8th, in an unsealed fashion until the following Monday; that on the day following the transaction he was in his office in Chicago but at that time did not initial, seal, or secure these items in the vault which was available when he was there; and that on Monday, *November 13th,* 1967, he took the exhibits, or items to his office where a fellow officer initialed the exhibits, whereupon they were then sealed and submitted to the crime laboratory that same day.

The police chemist did not testify, but this report in which he stated he received the substance on *November 14th,* 1967, was stipulated to as follows:

"On 14 November 1967 Inspector J. Grady of the State Narc. Div. Submitted The Following Exhibit To The Laboratory For Examination:

1. Three (3) tan envelopes (1 tested, # 1—15 gms.) containing crushed green plant, seeds and stems, hereinafter referred to as Exhibit Q—1.

Exhibit Q—1 was subjected to microscopic and chemical identity tests. The results are as follows:

Exhibit Q—1 is Cannabis (Cannabis Sativa), commonly referred to as Marijuana, from which the resin had not been extracted."

Defendant contends that the evidence was insufficient to prove beyond a reasonable doubt that the items introduced into evidence were marijuana within the statutory definition. (Ill. Rev. Stat. 1967, ch. 38, par. 22—2—17(3).) He also contends that the jury was improperly instructed and that he was deprived of a fair trial by the prosecution's final argument and the trial court's attitude toward defense counsel during the trial.

■■ Upon our review of the entire record, we must agree that defend-

ant was not proven guilty beyond a reasonable doubt. While great weight is attached to the findings of the triers of fact, this is not conclusive, and it is our duty to set a conviction aside where the evidence is so unsatisfactory as to raise a reasonable doubt of defendant's guilt. *People v. Reese* (1966), 34 Ill.2d 77, 80.

■■ The stipulation of the police chemist that from an examination of the "crushed green plant, seeds and stems", the substance tested was "Cannabis (Cannabis Sativa), commonly referred to as Marijuana, from which the resin had not been extracted", on its face does not exclude portions of the plant cannabis sativa which could be within statutory exceptions. While the stipulated report is not the kind of detailed scientific evidence which ought to be offered in view of the serious consequence of the crime charged, it would be sufficient for conviction under the authorities if there were no evidence sufficient to raise a reasonable possibility that the substance tested came within the statutory exceptions and was, in fact, a harmless substance. See *People v. Williams* (1962), 23 Ill.2d 549, 556; *People v. Marichez* (1966), 73 Ill.App.2d 230, 233, 234; *People v. VanRiper* (1970), 127 Ill.App.2d 394. See also *Tot v. United States* (1943), 319 U.S. 463, 467-469 and *Leary v. United States* (1969), 395 U.S. 6.

■■ In our opinion, a *reasonable possibility* that the substance allegedly sold through defendant's participation was not the proscribed narcotic, but rather, a harmless substance, was raised, by the testimony of the State's witnesses who qualified their reference to the material by suggesting that it was of low quality *"if it were in fact marijuana"*. The burden then of proving that the substance was not the narcotic proscribed by the statute returned to the State and was not met by any evidence.

The trial court in denying a post trial motion placed almost total reliance on the testimony of the same lay witnesses that they were dealing with marijuana.[1] In context, the repeated references to this testimony— which the State relies upon in arguing that the sale of narcotics was proven—appear to be general references that it was marijuana that was

---

[1] "Although this court does not believe the continuity of possession is particularly good in this case it is relatively unimportant in view of the fact that the substance alleged to be Marijuana was sufficiently proven without the necessity of examination by an expert chemist, * * *. It is this Court's opinion that the substance was obviously identified as Marijuana without the necessity of the chemical analysis."

(Defendant in his brief and oral argument has also directed our attention to a showing made in connection with the post trial motion that at the trial of the co-defendant Herzog subsequent to Woessner's trial, the court directed a finding of not guilty due to insufficient proof concerning the nature of the same items. It is suggested that in that trial the report of the chemist was not even offered by the State. These suggestions are not properly before us in this record, and we do not consider them.)

hoped to be obtained and that the items picked up on such expectation were then referred to as marijuana.

■■■ The whole record raises a further reasonable doubt whether the substance tested was the same as that which was the subject matter of the sale charged. Ordinarily where the evidence fails to show that there is any tampering with or substitution of evidence, the fact that there is a possibility that this has happened does not preclude a jury from finding that there is a valid chain of possession beyond a reasonable doubt. (*People v. Harper* (1962), 26 Ill.2d 85, 91.) However, here the incredibly careless handling of the substance of the crime, added to the discrepancy in the date of receipt of the material by the chemist with the date testified to by the agent, casts a considerable doubt on the exhibits tested by the chemist (which the trial court shared as indicated by his statement that he did "not believe the continuity of possession is particularly good"). When this is added to the stated doubt that the substance purportedly sold was a narcotic at all, we think that the totality of the record is so unsatisfactory as to raise a reasonable doubt of guilt.

We do not consider the remaining assignments of error in view of the conclusion we have reached. The judgment below is reversed.

Judgment reversed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.