WILLIAM L. COOK, Plaintiff-Appellee, v. FAIRY G. FRAZIER, Defendant-Appellant.

(No. 11463;

Fourth District—May 16, 1972.

Donald E. Castles and Stephen L. Corn, both of Craig & Craig, of Mattoon, (Jack E. Horsley and Richard F. Record, Jr., of counsel,) for appellant.

Robert L. Douglas, of Robinson, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

The landlord appeals from a judgment in favor of the tenant and against her for $2340 on a jury's finding of wrongful ouster by the landlord. The trial court's separate finding as to the amount of damages is not questioned. Both parties were represented in the trial court. The landlord has new counsel on appeal. The issues made by the parties on appeal are (1) did the plaintiff establish a *prima facie* case of wrongful ouster and (2) did the defendant have a fair trial. Appellant's counsel entered the case after judgment in the trial court and presented a post trial motion for judgment *n.o.v.*, arrest of judgment, and, in the alternative, for a new trial. The motion was denied. The basic issue in this appeal is whether or not the responsibility for errors assigned here rests with the trial court or with trial counsel so that a fair trial was denied defendant.

The landlord-tenant relationship continued for a period of seven crop years. The testimony in the record covers the charges and countercharges, criminations and recriminations over that entire period. The lease was dated September 14, 1961, and ran to December 31, 1962, and from year to year thereafter unless written notice was given to terminate by either party six months prior to the beginning of the next lease year. Neither party gave any notice. The defendant sold the farm before the beginning of the 1969 crop year.

The tenant sued for loss of profits for the year 1969 based on a wrongful ouster by the landlord through the sale of the farm and alleged $6000

damages. The defendant-landlord filed counterclaims alleging various violations of the lease and sued on the balance due on two notes and for an overpayment by her of combining expense and for permanent damage to her farm by the tenant in the aggregate sum of more than $11,000. The jury was instructed on behalf of the plaintiff without any objections on the part of the defendant and among other instructions were told that if they found the issues in favor of the plaintiff the jury would have nothing to do with the amount of damages assessed, as they would be assessed by the judge. This was stipulated. Forms of jury verdicts were submitted from which the jury selected one which found in favor of the plaintiff on his complaint and for him on the defendant's counterclaims. The jury's verdict read: "We, the jury, find in favor of the plaintiff and against the defendant. We assess the damages in the sum of ——— dollars" and was signed by the six jurors stipulated to try the case.

■■ The defendant contended in her post-trial motion and in this court that the plaintiff failed to prove a *prima facie* case in that he failed to prove (1) that he himself had complied with his lease and therefore cannot recover and (2) that while he established an ouster he did not establish a wrongful ouster. The first point is that the tenant made no reports to the landlord as required by the lease. Paragraph (i) of Section 5 of the lease provided "the tenant agrees to keep financial and production records of the farm business and to furnish an annual report to the landlord, on such forms as he may provide, * * *." This record does not show either that the tenant furnished an annual report to the landlord or that the landlord provided any forms for such purpose. Seven or eight other breaches of this same lease which relate to good husbandry are completely repudiated by five witnesses who testified that the tenant did farm the farm in a husbandlike manner with conflicting testimony in opposition given by the defendant and her son. The jury by its verdict and the court in its order found no merit to these charges and therefore no basis for asserting that the tenant failed to comply with his lease.

On the question of whether the ouster of the plaintiff was wrongful or not the plaintiff submitted without objection the following instruction: "There is no dispute as to the existence of the lease. The parties do, however, differ as to whether or not there was a breach of said lease with cause. The defendant claims that the lease was breached by the plaintiff, and that he was legally able to oust the plaintiff for the failure by said plaintiff to keep the weeds mowed, housing machinery in the barns without permission.

The defendant further claims that the plaintiff owes for two notes, and other amounts of money due the defendant by the plaintiff".

It is defendant's contention that since no burden of proof instruction

was given in this case defendant did not receive a fair trial. The definition of burden of proof was given in an instruction, but the term was never thereafter mentioned in any of the instructions. The trial court's memorandum opinion states that defendant was offered an opportunity during the trial to resubmit instructions. Both sides concede this point. None were submitted. It is, however, the posture of defendant in this court that the trial court should have insisted that defense counsel reframe his instructions to state the issues and that such failure on the part of the trial judge denied the defendant a fair trial.

■■■ The defendant had self-employed counsel in the trial court. In our system of adversary jurisprudence, the question of when a judge should or should not inject himself into a trial has been frequently discussed. (*Washer v. Tanner*, 100 Ill.App.2d 157, 241 N.E.2d 202; *Osborne v. Leonard*, 99 Ill.App.2d 391, 240 N.E.2d 769; *Belfield v. Coop*, 8 Ill.2d 293, 134 N.E.2d 249; *Paulsen v. Gateway Trans. Co.*, 114 Ill.App.2d 241, 252 N.E.2d 406; *City of Danville v. Frazier*, 108 Ill.App.2d 477, 248 N.E.2d 129.) Among the cases is our case of *City of Danville* in which we stated that the trial judge is not relegated to being a mere referee ruling upon specific items presented or that develop during the trial and that it is always the duty of the trial court to control the proceedings to the extent necessary to insure each litigant a fair trial. We did not intend to imply in that case nor do we think the courts in other cases intended to imply that the trial court is a substitutionary vehicle for counsel. The defendant tendered an instruction that would have informed the jury as a matter of law that the plaintiff could not recover under the complaint in this case unless he has shown by the preponderance of all the evidence in the case a contract fully performed on his part. This instruction the defendant withdrew. The court did give an instruction for the defendant that where the undertakings of parties to a contract are mutual and dependent the plaintiff must comply with that which he has undertaken to do unless noncompliance is excused or justified before he can be permitted to maintain an action to recover damages for failure on the part of the defendant to comply with the obligations of the contract on her part. Whatever may be the many imperfections in the procedural aspects of this case brought about by inattention to the pleadings and an evidentiary snowstorm which covers seven years of understanding and misunderstanding, it is truly remarkable that the jury came up with what appears to us from a careful reading of this record to have been substantial justice in this case. We have no way of knowing from this record whether there was a set off of the notes allowed on the judgment finally given or how the trial judge arrived at the $2340 he awarded to the plaintiff. Neither of these issues are discussed in either brief. The

384

parties elected to submit this case to the trial court on essentially stipulated issues and to this court on two very limited issues. It is incumbent upon neither the trial court nor this court to assume the role of advocate, define the issues, conduct the trial or set aside a jury's verdict returned by selecting an appropriate form from verdict forms agreed to by counsel. The imperfections in the trial court rest with counsel and not the court.

■■ We conclude that this record shows (1) that the plaintiff was wrongly ousted; (2) that he never did receive any notice of termination of his lease nor did he waive such notice and (3) trial counsel made the issues that were tried and made the record that we review. There is little justification to place the onus of the imperfections on the trial court. The judgment of the jury and of the trial court does substantial justice and should accordingly be affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.