THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JULIUS RUTILI, Defendant-Appellant.

(No. 56884; ▓▓▓▓▓▓▓▓▓▓)

First District (4th Division)—May 9, 1973.

Julius Lucius Echeles, Frederick F. Cohn, and Carolyn Jaffe, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and James E. Staruck, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Upon a trial by jury, defendant was convicted of the crime of unlawful sale of narcotic drugs and was sentenced to the penitentiary for a term of from one to five years. He appeals, contending that he was not proven guilty beyond a reasonable doubt and that his right to a fair trial was prejudiced by certain actions of the court and prosecution.

The evidence shows that William Passmore, a police informer and narcotic addict, came to defendant's drugstore on January 9, 1970. Defendant, a registered pharmacist, was on duty. Passmore told the de-

fendant that he was sick and asked the defendant to help him. Defendant said, "Will codeine help you?" Passmore said, "Yes." Thereafter, the drugs in question were passed from the defendant to Passmore who immediately delivered them to police officers who were waiting and observing the transaction. Shirley Krause, a chemist with the Chicago Police Crime Laboratory, testified that on January 12, 1970, she examined the white powder chemically and instrumentally and that in her opinion, "The white powder contained codeine." The weight of the substance prior to the tests was 3.55 grams.

The defendant contends that the State's evidence failed to establish that the substance allegedly sold contained a sufficient concentration of codeine to render it a proscribed narcotic drug rather than an exempt medicinal preparation. Therefore, he was not proven guilty beyond a reasonable doubt. Ill. Rev. Stat. 1969, ch. 38, sec. 22—2—17(4), in effect at the time of defendant's indictment and trial, provided that codeine was a narcotic drug.

Section 22—3, the statute of which defendant was found guilty of violating, provided: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug except as authorized in this Act * * *."

And section 22—12 provided:

> "Except as otherwise in the Act specifically provided, this Act shall not apply to the following cases:
>
> (1) Prescribing, administering, dispensing or selling at retail any medicinal preparation that contains in one fluid ounce, or if a solid or semi-solid preparation, in one avoirdupois ounce, * * *
>
> (c) not more than one grain of codeine or any of its salts."

In *People v. Williams* (1962), 23 Ill.2d 549, 179 N.E.2d 639, 642-43, the Illinois Supreme Court had occasion to rule upon the respective burdens of proof regarding the medicinal preparation exemption of the predecessor to section 22—12 identical to section 22—12 in all pertinent respects. (The statute at issue was Ill. Rev. Stat. 1957, ch. 38, par. 192—28—12.) The court noted that another section of the statute provided that it shall not be necessary for the State to negative any exception, excuse, proviso or exemption, and that the burden of proof of such exception, etc. shall be upon the defendant. (Ill. Rev. Stat. 1957, ch. 38, par. 192—28—39; 23 Ill.2d 549, 179 N.E.2d 639, 643.) This provision existed at the time of defendant Rutili's indictment and trial as section 22—44 of the 1969 Code.

The court reversed defendant Williams' conviction where the substance had been shown to be a medicinal preparation produced by a reputable pharmaceutical company, holding that under these circumstances, a

reasonable doubt had been created as to whether the substance was a proscribed narcotic drug as opposed to coming within the exemption, and from that point on the State had the burden of proving that the concentration of the narcotic, morphine sulphate, exceeded the limits of the statutory exemption. The court stated:

> "While literal application of the last clause of the section [*i.e.*, of par. 192.28—39, currently sec. 22—44 of the 1969 statutes, placing on the defendant the burden of bringing himself within the exemption] suggests that the burden was upon the defendant to prove, by chemical analysis, that the substance contained a concentration of the narcotic within the permissible limits, to so hold would lead to some rather startling results. Almost any medicine cabinet in the average American home is likely to house medicinal preparations containing some opium or morphine. It seems unlikely that the legislature would have intended that a citizen could be convicted upon mere proof of possession of such a preparation unless he assumed the burden of establishing by a chemical analysis that the preparation contained a concentration of narcotics within the permissible limitations. And, if this legislature did so intend, there would be obvious questions as to the validity of the statute." (23 Ill.2d 549, 554-555, 179 N.E.2d 639, 643.)

The court continued:

> "It is a fundamental principle of Anglo-American law that in all criminal prosecutions the burden is upon the State to establish the guilt of the defendant beyond a reasonable doubt. To apply the statute in this situation as requiring the defendant to prove affirmatively beyond a reasonable doubt, or even by a preponderance of the evidence, that the medicinal preparation possessed by him contained no greater concentration of morphine than that permitted by law would run counter to this fundamenal principle. We believe that the statutory provision which states that the burden of proof of the exemption shall be upon the defendant must be applied to this situation in such a way that it does not conflict with the principle that places upon the State the burden of proving the defendant guilty beyond a reasonable doubt. Thus, *if there is in this record evidence sufficient to raise a reasonable possibility that the defendant comes within the exemption* thus creating a reasonable doubt of his guilt, the defendant has met the burden of proof imposed upon him by the statute * * *. [W]here, as here, the substance possessed by the defendant has been shown to be a medicinal preparation produced by a reputable pharmaceutical company, a reasonable doubt as to the defendant's guilt has been created, and *the conviction cannot be*

*sustained in the absence of evidence proving that the concentration of narcotics in the preparation exceeded that permitted by the statute.* The evidence was insufficient to prove the defendant guilty beyond a reasonable doubt." (Emphasis added.) 23 Ill.2d 549, 555-556, 179 N.E.2d 639, 643.

The Illinois Appellate Court has recently construed the rule of the *Williams* case to require the State to prove that the substance was not an exempt one even where the reasonable possibility that it fell within the exemption arose from evidence adduced from a prosecution, rather than a defense witness. In *People v. Woessner* (1971), 132 Ill.App.2d 58, 268 N.E.2d 508, the court reversed where, although there was a stipulation to the chemist's report that the substance was marijuana from which the resin had not been extracted, a State's witness testified that he, defendant, and another had smoked some of the substance, and that all agreed "that the marijuana, if it were in fact marijuana, was not very good." (132 Ill.App.2d 58, 268 N.E.2d 508, 509.) The court noted that the stipulated report "would be sufficient for conviction under the authorities if there were no evidence sufficient to raise a reasonable possibility that the substance tested came within the statutory exceptions" (132 Ill.App.2d 58, 268 N.E.2d 508, 510), and went on to hold:

"In our opinion, a reasonable possibility that the substance allegedly sold through defendant's participation was not the proscribed narcotic, but rather, a harmless substance, was raised, by the testimony of the State's witnesses who qualified their reference to the material by suggesting that it was of low quality 'if it were in fact marijuana.' The burden then * * * returned to the State and was not met by any evidence [that the substance was a proscribed narcotic not within the exceptions]." 132 Ill.App.2d 58, 268 N.E.2d 508, 510.

■■ Here, since defendant was undisputedly a registered pharmacist with no previous criminal record and no history of having committed any past narcotic law violations, the record raised a reasonable possibility that the substance in question was a medicinal preparation falling within the exemption of section 22—12. Thus, it was incumbent on the State to prove that the substance contained more than the permitted concentration of codeine, that is, more than one grain of codeine per ounce of substance. The record merely showed that there was 3.55 grams of substance which "contained codeine," with absolutely no evidence as to the percentage or concentration of codeine within the 3.55 grams of "substance."

■■ Under the law as set forth in the foregoing cases, the State failed to sustain its burden of proof, and defendant was not proven guilty by evidence, beyond a reasonable doubt.

Since the judgment of the trial court must be reversed because of the insufficiency of the evidence, it is unnecessary for us to consider the other contentions made by the defendant.

The judgment of the criminal court of Cook County is reversed.

Judgment reversed.

ADESKO and DIERINGER, JJ., concur.