THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OTHEL BRUCE, Defendant-Appellant.

Fifth District No. 73-336

Opinion filed March 5, 1976.

G. J. MORAN, J., dissenting.

Stephen P. Hurley and Thomas F. Sullivan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Othel Bruce, appeals his conviction of "unlawful delivery of cannabis" weighing less than 2.5 grams. He contends that the trial court committed reversible error by failing to properly instruct the jury on its own motion as to the elements of the offense charged and by giving an improper oral instruction to the jury.

A special agent of the Illinois Bureau of Investigation and an informer testified that they went to the 105 Lounge in Benton where the defendant worked as a bartender. The informer introduced the agent to the defendant as "John from Indianapolis, Indiana," who had come to town looking for some marijuana to purchase, and using the code word "tires" for marijuana, the defendant indicated that he would sell a small amount of marijuana for $5. The three men left the lounge and the defendant procured a packet of marijuana from his car which was parked close by. The transfer took place after the three walked behind a building where the informer received the marijuana from the defendant, passed it to the agent and the agent handed the $5 directly to the defendant.

A crime laboratory analyst for the Illinois Bureau of Identification also testified for the State. He first made a microscopic examination of the evidence and found that it exhibited the botanical characteristics of cannabis. He then conducted a modification of the Duquenois chemical test and found that active resins were present. Based on the results of his tests, he concluded that there was no possibility that the vegetable material was anything other than cannabis. Cross-examination was limited solely to the question of custody of the evidence.

Defendant first argues that his conviction should be reversed because the trial judge improperly instructed the jury regarding the elements of the offense charged. He contends the trial court erred in failing to give, on its own motion, an instruction defining "cannabis" in the language of section 3 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch.

56½, par. 703), that is, including the statutory exceptions of mature stalk, etc., found within that definition. He argues that the jury could not have been sufficiently apprised as to the elements of the crime charged without being informed of a fundamental exception to the statutory offense.

■■ We regard *People v. Van Riper*, 127 Ill. App. 2d 394, 262 N.E.2d 141, *cert. denied*, 403 U.S. 918, 29 L. Ed. 2d 695, 91 S. Ct. 2228, as dispositive of this point. There the defendant was convicted of aiding and abetting in the sale of marijuana. On his petition for rehearing after the Second District affirmed, the defendant urged acceptance of precisely the point raised here, *i.e.*, that the trial court erred in not submitting an instruction *sua sponte* defining marijuana in accordance with the statutory definition. In disposing of this argument the court noted that no issue was properly raised at trial disputing the nature of the substance involved, thus the defendant had not brought himself within the statutory exceptions. Since the exceptions were not at issue, no instructions concerning the exceptions were required. (See also nearly identical language in *People v. Hudson*, 130 Ill. App. 2d 1033, 266 N.E.2d 481, *reversed on other grounds*, 50 Ill. 2d 1, 276 N.E.2d 345, *cert. denied*, 405 U.S. 965, 31 L. Ed. 2d 241, 92 S. Ct. 1176; *People v. Woessner*, 132 Ill. App. 2d 58, 268 N.E.2d 508; *People v. Rutili*, 11 Ill. App. 3d 948, 297 N.E.2d 665.) Likewise, in the instant case, defendant offered no evidence with regard to the statutory exceptions nor did the cross-examination of the State's witnesses seek to establish this contention. Having failed to bring himself within the statutory exceptions, we feel that instructions concerning the exceptions were not required.

Defendant also contends that the trial court improperly gave a "verbal" instruction to the jury when, in reference to the State's Exhibit #1, the court commented:

> "Also, I am going to send one of the exhibits to the jury room. I want to specifically instruct you on this People's Exhibit #1. There is information on here for your examination, but you are instructed not to taste it or smoke it. The best evidence on the marijuana is actually the testimony given by the chemist, because you are not chemists. However, it is for your own observation in applying any knowledge that you know. For that you have an opportunity to take it to the jury room."

Defendant contends that through the above remarks the court essentially told the jury that the State's Exhibit #1 was marijuana, thereby committing reversible error. We disagree.

■■ While it is well established in Illinois that a trial judge may not convey to the jurors his opinions concerning any disputed question of

fact and must avoid comments relating to the credibility of witnesses or the weight to be given to their testimony (*People v. Finn*, 17 Ill. 2d 614, 162 N.E.2d 354; *People v. Santucci*, 24 Ill. 2d 93, 180 N.E.2d 491), the State's evidence that the contents of State's Exhibit #1 was marijuana was not disputed by the defendant. The defendant's defense was based on the theory that the defendant had agreed to sell "tires" to a special agent of the Illinois Bureau of Investigation, not marijuana. The defendant further claimed that he did not participate in the delivery of any substance. The defendant left unchallenged the State's evidence that State's Exhibit #1 was, in fact, marijuana. Under these circumstances we find that the comment of the trial court concerning the fact that the testimony of the chemist was the best evidence, although better left unsaid, did not, *ipso facto*, constitute reversible error. (See *People v. Crawford*, 23 Ill. 2d 605, 609, 179 N.E.2d 667, 669.) We find nothing improper in the trial court's comment directing the jury not to "taste or smoke" the substance. As noted in the State's brief this was "a reasonable admonishment to insure the integrity of the evidence and to insure that it was not misused." And, while we do not condone the trial court's departure from the requirement that instructions be written and given to the jury (Ill. Rev. Stat. 1973, ch. 110, par. 67(1); Ill. Rev. Stat. 1973, ch. 110A, par. 239(6)), since the defendant has seen fit not to raise such issue on appeal, we deem it waived. *Cf. City of Danville v. Frazier*, 108 Ill. App. 2d 477, 248 N.E.2d 129, 191.

Accordingly, the judgment of conviction entered against the defendant by the circuit court of Franklin County is affirmed.

Affirmed.

KARNS, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

The majority commits grave error in this case by holding that a trial judge can, in effect, direct a verdict on an essential element of the State's case because the defense did not specifically challenge the proof of that element. The majority forgets that the defendant could have stood mute during the whole trial and this would not have eliminated the obligation of the State to prove each and every element of the crime charged beyond a reasonable doubt. In this case the State had the obligation to prove the substance was marijuana and the trial court had no authority to direct a verdict in this element, whether the defendant challenged the proof or not.

Defendant contends that through its remarks the court essentially told the jury that the State's exhibit #1 was marijuana, thereby com-

mitting reversible error. First the court told the jury not to smoke it, which implied it was marijuana; and second, the court reinforced this assumption when it told the jury that the State's chemist witness was the most qualified judge of whether the exhibit was in fact marijuana. I agree.

It is a settled proposition in this State that a trial judge in a criminal case may not convey to the jurors his opinions concerning any disputed question of fact and must avoid comments relating to the credibility of witnesses or the weight to be given to their testimony. (*People v. Finn,* 17 Ill. 2d 614, 162 N.E.2d 354; *People v. Santucci,* 24 Ill. 2d 93, 180 N.E.2d 491.) The Civil Practice Act also provides that "[t]he court shall give instructions to the jury only in writing, unless the parties agree otherwise, and only as to the law of the case." Ill. Rev. Stat. 1973, ch. 110, par. 67.

In *People v. Finn,* the court said:

"* * * However strong the evidence against an accused may be, and in this case the defendant was caught in the house he was burglarizing with some of the stolen property in his pockets, a fair trial, in all its stages, is a fundamental requirement in a criminal prosecution and when such requirement is not met, it amounts to a denial of due process of law. [Citations.]

It is axiomatic that ultimate decisions of fact must fairly be left to the jury, and to this end it is universally held that judges should refrain from conveying to jurors their personal opinions concerning any disputed question of fact." 17 Ill. 2d 614, 617.

In *People v. Santucci,* the court said:

"In all criminal prosecutions the accused person, guilty or innocent, is entitled to a fair and impartial trial by a jury. [Citations.] Ultimate decisions of fact must fairly be left to the jury, as must be the determination of the credibility of witnesses and the weight to be afforded their testimony, and to this end it is not the province of the judge, in a criminal case, to convey his opinions on such matters to the jurors by word or deed." 24 Ill. 2d 93, 98.

For the foregoing reasons, I would reverse the judgment of the trial court and remand this case for a new trial.