(No. 36550.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CURTIS LOTT, Plaintiff in Error.

*Opinion filed March 23, 1962.*

JOHN J. CROWN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant Curtis Lott was indicted in the criminal court of Cook County on three charges: of selling, possessing and dispensing a narcotic drug. He pleaded not guilty, and on trial by the court after waiving a jury, was found guilty and sentenced to a term in the penitentiary of not less than ten years nor more than ten years and one day.

He brings this writ of error contending that the articles sold were not composed of a narcotic drug under the statute, and that he could not be found guilty of selling what he thought was a narcotic but in fact was not, when he had not been charged with such offense. He also contends that the material which was introduced into evidence was not shown to be the same material which allegedly was sold by him to the police officer.

The indictment charges Lott with three crimes: count I, sale; count II, possession; count III, dispensing, otherwise than as authorized in the Uniform Narcotic Drug Act, a quantity of a certain narcotic drug, to-wit: cannabis, sometimes called marijuana. The articles allegedly sold by defendant to police were three marijuana cigarettes.

The statute (Ill. Rev. Stat. 1959, chap. 38, par. 192.28—2.17) reads: "(c) 'Cannabis' includes all parts of the plant

Cannabis Sativa L. (commonly known as marihuana), whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom) fiber, oil or cake, or the sterilized seed of such plant which is incapable of germination."

As to the contention of the defendant that the articles sold were not composed of a narcotic drug under the statute, the People state that when a criminal statute sets forth an exception, which exception operates to prevent an act otherwise included in the statute from being a crime, the burden is on the defendant to bring himself within the exception. (Ill. Rev. Stat. 1959, chap. 38, par. 192.28—39; *United States* v. *Holmes,* 187 F.2d 222, cert. den. 341 U.S. 948; *People* v. *Montgomery,* 271 Ill. 580.) However, a chemist from the Chicago Crime Detection Laboratory testified on cross-examination that he subjected contents of certain cigarettes allegedly sold by defendant to Chicago police officers to chemical and microscopic tests and determined that the substance was composed of "mature" portions of the cannabis plant. The defendant thereby brought himself within the exception. Moreover, the chemist did not make reference to the presence of resin in the particular cigarettes examined, and this being so, the substance does not fall within the definition of a narcotic drug.

The trial judge in giving his reasons for his decision verbally as appears from the record, and prior to making a finding of guilty, stated that the defendant thought he was selling marijuana.

The crime of selling an article under the representation

that it is a narcotic drug, when in fact it is not, is separate and distinct from the charges of either selling or possessing or dispensing a narcotic drug. This crime is defined in section 38 of the Uniform Narcotic Drug Act. Ill. Rev. Stat. 1959, chap. 38, par. 192.28—38.

We stated in *People* v. *Davis,* 13 Ill.2d 211, that this court cannot and does not condone the illicit trade in narcotic drugs, and we reiterate that stand now, but we cannot affirm a conviction if the evidence fails to sustain the crime charged.

It is incumbent upon the People to prove beyond a reasonable doubt each of the elements necessary to constitute the crime charged. (*People* v. *Becker,* 414 Ill. 291.) The People failed to prove a sale of a narcotic drug.

It is reversible error for the trial court to find the defendant guilty of a crime for which he was not indicted. With this view we shall not engage in an examination of the considerable testimony and argument relative to the origin and identity of the cigarettes which were introduced in evidence.

For the reasons stated, the judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*