**People of the State of Illinois, Plaintiff-Appellee, v. Donald J. Van Riper, Jr., Defendant-Appellant.**

Gen. No. 69–182.

Second District.

July 23, 1970.

Rehearing denied and supplemental opinion September 21, 1970.

Richard D. Schiller, of Aurora, for appellant.

William Ketcham, of Geneva, and W. Ben Morgan, of Elgin, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant was convicted by a jury under an indictment charging that he aided and abetted one George Haynes in the unlawful sale of marijuana. He appeals from the judgment entered upon the jury verdict and the sentence of ten years to ten years and one day in the penitentiary.

Error is charged in the refusal of defendant's pretrial motion in limine, in various rulings on evidentiary matters during the trial, and in the refusal of bail pending appeal. It is also argued that the evidence does not show the defendant guilty beyond a reasonable doubt.

The evidence introduced by the prosecution was that defendant was present in Haynes' apartment on December 17th, 1968, the date of the alleged offense, when inspectors for the Illinois Bureau of Narcotics came there with marked money to make a purchase of marijuana from Haynes; and that there were negotiations between the agents and Haynes in defendant's presence, characterized as "haggling" over the price. The agents testified that Haynes stated he and the defendant would pick up the marijuana for the witnesses to see and that they then left in Van Riper's car, returning a short time later with the drug. Defendant is alleged to have said that he would buy it if one of the agents did not, even if he had to go out and get the money, and that it was good material. Defendant smoked a marijuana cigarette in the agents' presence in connection with this alleged conversation.

Defendant was not shown to be in possession of the marijuana and he was not seen by the agents to receive any of the money paid to Haynes in the purchase.

Van Riper testified that he was not present in the apartment on December 17th. This was corroborated by his sister and brother and two employees of a shopping center, where he claimed to be during the time in question.

■ The jury was justified in returning its verdict on the conflicting evidence. The credibility of the testimony of the State's witnesses was chosen over that of the alibi witnesses. The agent who made the purchase testified that he relied upon the advice of defendant that the marijuana was of good quality and worth the price to be paid before he made the purchase. This testimony on its face might appear somewhat incredulous. However, the agent explained that his purpose was to protect his "cover" as a drug purchaser and that he would not otherwise have purchased on this occasion

without defendant's assurance. This explanation of the conversation was for the jury to evaluate, together with the evidence that defendant drove Haynes in defendant's car when Haynes left and subsequently returned with the supply. On review it must be said that the State's evidence was sufficient beyond a reasonable doubt to support the finding of guilt of aiding and abetting an unlawful sale of marijuana.

Defendant has placed his major emphasis on claims of trial error which he argues deprived him of a fair trial.

He first suggests that the court erred in refusing to grant his motion in limine made prior to trial. In the motion defendant sought to exclude evidence tending to show defendant used or possessed narcotic drugs. He also sought to exclude evidence bearing on his manner of appearance or dress at the time in question. While notifying the State of his alibi defense, he sought to make a distinction between the issue of defendant's whereabouts at the time of the crime and the question of the identification of the defendant. He offered to concede that the agent's testimony would identify defendant as the person referred to as being present in the apartment who purportedly aided in the sale by Haynes, but maintained that he was not there. The motion further sought to exclude evidence of actions by defendant on occasions prior to December 17th.

The court denied the motion in its entirety. In so doing, we believe that the court acted within its discretion in deciding that it would rule on the matters raised as they came up in the trial. Defendant cites the civil case of Bruske v. Arnold, 100 Ill App2d 428, 432, 241 NE2d 191 (1968), together with textbook authorities approving such pretrial motions in criminal cases. (Stanton Illinois Criminal Law and Practice, Volume 1 at pages 402 and 438; ILP, Criminal Law, §§ 265 and 267.) While we do not preclude circumstances under

which such motions may be properly granted, or improperly denied, in a criminal case, the ruling on the very broad request here was well within the court's discretion.

We next consider the court's trial rulings upon the evidence sought to be excluded in the motion. The evidence questioned included the testimony by a State's witness that the defendant had smoked a marijuana cigarette in his presence to aid in the sale by Haynes and the testimony of the witness that defendant had been present but not participating on two or three previous occasions in Haynes' apartment when narcotics were sold.

The State argues that the smoking of the marijuana cigarette by defendant was admissible as part of the res gestae of the crime. We do not accept this term or concept as applicable to the situation here, but we do agree that the evidence was properly admitted.

■ There was considerable discussion relating to the quality of the marijuana and its worth, preceding the consummation of the sale. The testimony that defendant smoked a cigarette made from the material, boosted its quality and offered to purchase it himself, establish circumstances which properly went to the trier of the facts to determine whether defendant did aid and abet the sale. This evidence was independently relevant to prove the circumstances of the crime charged and it was unnecessary to limit the scope of the testimony to proof of a mental state by an instruction to the jury, as defendant argues. Although the act of defendant in smoking a marijuana cigarette was evidence of the crime of possession of narcotics—a crime with which he was not charged—it was so blended or connected with the charge on trial that proof of the one incidentally involved the other. See, for example, United States v. Hoskins, 406 F2d 72, 75 (1969); The People v. Hall, 38 Ill2d 308, 315, 231 NE2d 416 (1967).

■ The evidence that defendant was in Haynes' apartment on previous occasions when narcotics were sold, stands upon a different footing. This evidence was ostensibly offered to prove defendant's knowledge of illicit sales in the Haynes' apartment, tending to refute the defendant's theory that he was, at best, an innocent bystander (if the jury disregarded his alibi evidence that he was not present at the sale on December 17th). It was not, in fact, proof of any crime committed by defendant on an unrelated occasion. The evidence of the earlier presence when narcotics were sold in and about Haynes' apartment was properly admissible to negative the possibility of innocent or inadvertent conduct by the defendant on the date of the offense charged. The People v. Aldridge, 19 Ill2d 176, 180, 166 NE2d 563 (1960). The jury was specifically instructed that defendant was not accused of violating the drug act on any occasion other than the one in question, and that such evidence was admitted for the limited purpose of attempting to show the knowledge or intent of the defendant on the occasion in question and for no other purpose. Both the prosecutor and the defense counsel expressed these limits to the jury in closing argument. While it would have been better practice for the court to have instructed the jury as to the limited scope of this evidence coincidentally with its introduction, the failure to do so was not reversible error under the circumstances.

■ Defendant had also complained of the admission of a photograph of defendant as he appeared at the time of arrest, with police identification removed, and which depicted him as having what has been characterized as a "hippie-type" hairdo. The photograph had probative value and was properly admitted in connection with the testimony of the State's witnesses identifying the defendant in Haynes' apartment at the time in question, in view of the alibi which placed defend-

400

ant's identification in issue, and considering the additional fact that defendant appeared clean-shaven at the trial. The People v. Maffioli, 406 Ill 315, 322, 94 NE2d 191 (1950).

■ The remaining argument of defendant that the trial court erred in refusing to admit him to bail pending appeal, presents no ground for reversing in this proceeding. Supreme Court Rule 609 provided the defendant's sole remedy.

We acknowledge the concern expressed by defendant's counsel, that for the acts proven, defendant has received a severe penalty of the ten year minimum sentence. This court cannot, however, override the legislative judgment expressed in the applicable statute. See The People v. Gonzales, 25 Ill2d 235, 240, 184 NE2d 833 (1962).

We, therefore, affirm the judgment below.

Affirmed.

ABRAHAMSON and MORAN, JJ., concur.

## SUPPLEMENT TO OPINION
## UPON DENIAL OF PETITION
## FOR HEARING

Substitute counsel has filed a Petition for Rehearing alleging additional grounds for reversal not previously raised or argued. He now urges that there was insufficient evidence to prove that the substance in question was marijuana in accordance with the statutory definition; that the trial court erred in not submitting an instruction defining marijuana in accordance with the statutory requirements; and that the statute classifying marijuana as a narcotic is arbitrary and infects the severe penalty for sale of marijuana with unconstitutionality.

■ Charles R. Turcotte, the crime laboratory analyst for the Bureau of Criminal Investigation in Joliet, testified for the State. The purpose of his testimony was to determine "whether or not there was any material known as Cannabis or Marijuana in the plant material." He first made a microscopic examination, looking for hairs "referred to in the trade as bear claws" on the leaf material. He also performed a Duquenois chemical test from extracted resins. His opinion was that both plastic bags contained "Cannabis Sativa, or Marijuana." He was then asked to "break down" the product, and answered, "It consists of seed material, leaf material, and some stalk material." He was then asked whether he was able to ascertain whether the seeds were capable of germination and answered, "I did not." There was no cross-examination.

In our opinion, the testimony was sufficient to prove that the substance contained a narcotic drug in the form of the leaf material within the statute and not falling within the statutory exceptions.

Defendant's reliance upon The People v. Lott, 24 Ill2d 188, 181 NE2d 112 (1962) is misplaced. In Lott, the testimony on cross-examination was that the substance was composed of "mature" portions of the Cannabis plant and no reference is made to the presence of resin in the particular cigarettes he examined. The defendant thereby brought himself within the statutory exceptions.

■ We also consider the question raised as to the instructions, although not previously abstracted or argued. The record discloses no instruction defining marijuana. The following instruction (as well as one relating to aiding and abetting in similar terms) was given without objection.

"A person commits the crime of violating the narcotic drug act who sells marijuana."

Defendant argues that possession of marijuana is not a criminal offense unless it is of the specific quality and kind defined by the statute, citing The People v. Sowrd, 370 Ill 140, 143, 18 NE2d 176 (1938). The Sowrd case does not apply to this prosecution brought under a different statute. Under the present statute all Cannabis is subject to the act, excluding the specific exceptions. The proof was clearly sufficient to sustain the guilty finding and defendant did not bring himself within the exceptions set forth in the statute. See Ill Rev Stats 1967, c 38, § 22–44; The People v. Yeargain, 3 Ill2d 25, 28, 119 NE2d 752 (1954); and People v. Washington, 81 Ill App2d 90, 102, 225 NE2d 472 (1966).

██ ██ People v. Lewis, 112 Ill App2d 1, 250 NE2d 812 (1969) is relied upon by defendant for the proposition that the failure to give a specific instruction defining Marijuana or Cannabis, on the court's own motion, was reversible error. Since no issue was properly raised disputing the nature of the drugs involved, we are of the opinion that no further instruction was required. In any event, in view of the clear and convincing evidence of defendant's guilt, and the absence of any evidence tending to bring the defendant within the statutory exceptions, reversal is not justified. The People v. Truelook, 35 Ill2d 189, 192, 220 NE2d 187 (1966); and People v. Ciconte, 102 Ill App2d 1, 14, 243 NE2d 407 (1968).

The argument that classification of marijuana as a narcotic drug with the severe penalty attached to its sale makes for unconstitutionality is not open for our consideration. We again refer to The People v. Gonzales, 25 Ill2d 235, 240, 184 NE2d 833, supra.

Counsel has also raised a question in the Petition for Rehearing, which had been previously raised and argued. This relates to the testimony of defendant's presence in Haynes' apartment on other occasions when narcotics were allegedly sold by Haynes. The quotation of a pertinent portion of our opinion in the Petition for Re-

403

hearing is erroneous. Our opinion does not refer to this evidence as tending to prove defendant's guilt of the crime charged against him by proof of *defendant's commission* of other crimes. We held that this proof was admissible as tending to show defendant's *knowledge of the commission* of illicit sales by Haynes on previous occasions when no criminal activity of defendant was suggested, to meet defendant's theory that he was an innocent bystander at the time of this crime charged against him. We adhere to our opinion on this point.

The Petition for Rehearing is therefore denied and we hold to our opinion as filed.

ABRAHMASON and MORAN, JJ., concur.