THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEROY JOHNSON, Defendant-Appellant.

(No. 59341;

First District (4th Division)—April 9, 1975.

Goldman and Hesser, of Chicago (Dennis Hesser, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Scott W. Petersen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial, Leroy Johnson was found guilty of the offense of unlawful use of weapons and sentenced to probation for 1 year. The sole issue presented in this appeal is whether the duties being performed by the defendant at the time of his arrest were within the purview of the statutory exemption to the offense set forth in section 24—2(a)(4) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—2(a)(4)).

The first witness to testify at defendant's trial was Robert Rahn, the arresting officer, who stated that, at approximately 6:45 P.M. on December 4, 1972, he stopped Johnson's automobile for the traffic violation of driving without taillights. Johnson stepped out of his car and walked back to the squad car. According to the officer, the defendant produced a driver's license. The officer then asked where he was going, and the defendant reportedly stated that he worked at a lounge as a bartender and was going to purchase some liquor. The officer testified that he then asked defendant if he was carrying a weapon. The defendant responded that he did have a weapon and subsequently handed over to the officer a revolver which was fully loaded. In addition to his driver's license and revolver, defendant produced State and city identification cards for possession and registration of the firearm. He was then placed under arrest and transported to the district police station.

According to Officer Rahn, Johnson advised police officers after arriving at the station that he was a security guard. The officer stated that Johnson then produced a star and identification cards for three or four detective associations with which he was affiliated. A telephone call was received by the police officers, advising that the defendant was indeed a guard and actually on duty. Officer Rahn stated, however, that he did not believe Johnson was a guard because of his statement when first stopped that he was working at a tavern and going to buy some liquor for the store. The defendant was subsequently charged with unlawful use of weapons.

The defendant, Leroy Johnson, testified that he was employed as a security guard for the Austin Detective Association on the date in question and had worked for that firm for approximately 1 year. According to Johnson, his duties as a guard included picking up and delivering supplies, such as whiskey, soft drinks and money, to the establishment where he was assigned. Johnson stated that he was on his way to purchase supplies for one of his assignments when he was arrested.

Johnson testified further that he showed his driver's license to the police officers when he was stopped. He stated that his license was in a leather case with his badge and identification cards. After seeing his identification, according to Johnson, Officer Rahn jumped out of the squad car and asked whether he had a gun. Johnson replied that he had, and the officer thereupon ran to Johnson's car and began searching it. Johnson stated that he told the officer accompanying Rahn that the gun was with his handcuffs. The revolver was retrieved from underneath the coat worn by Johnson.

The defendant testified that he told the officers he was picking up supplies for a tavern on Chicago Avenue. He denied ever telling them that he was a bartender or that he worked for several detective agencies. He further stated that he had no identification card for any agency other than the Austin Detective and Patrol Service.

Jesse Jones then testified on behalf of the defense. Jones stated that he was the director of the Austin Detective and Patrol Service. According to Jones, the firm's daily work sheet indicated that Johnson began work at 5 P.M. on the date in question and that his duties included picking up supplies for the tavern to which he was assigned. Jones further testified that it was his dispatcher who called the police station shortly after Johnson's arrest and advised them that the defendant was working as a guard.

Defendant was convicted for the offense of unlawful use of weapons in violation of section 24—1(a)(4), which provides that a person commits the offense when he knowingly:

"* * * Carries concealed in any vehicle or concealed on or about his person * * * any pistol, revolver or other firearm * * *." (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4).)

The statute specifically exempts from prosecution:

"* * * [S]ecurity guards while actually engaged in the performance of the duties of their employment * * *." Ill. Rev. Stat. 1971, ch. 38, par. 24—2(a)(4).

Section 201—1 of the Code of Criminal Procedure states:

"The private detective business, as used in this Act, shall consist of the following: * * * The business of furnishing for hire or reward guard or guards, watchman or watchmen, patrolman or patrolmen, or other persons to protect persons or property both real and personal or to prevent the theft or the unlawful taking of goods, wares and merchandise, or to prevent the misappropriation or concealment of goods, wares and merchandise, money, bonds, stocks, choses in action, notes or other valuable documents or papers and shall include any individual who shall for hire patrol,

watch or guard any residential, industrial or business property or district, or the business of performing the service of such guard, or other person for any of said purposes." Ill. Rev. Stat. 1971, ch. 38, par. 201—1.

In this appeal, defendant argues that his conviction was error because the evidence at trial clearly established that, at the time of his arrest, he was engaged in employment which comes within the purview of the aforementioned statutory exemption. The State argues, to the contrary, that its evidence proved defendant's activities when arrested were not within the contemplation of the exception.

After carefully reviewing the record, we are of the opinion that this conviction cannot stand. The unrebutted testimony of Johnson and his employer is that, at the time of the arrest, Johnson was in the course of his employment performing duties requested of him by his employer. Nowhere in the record is there evidence that he was on a private jaunt unrelated to his employment.

■■ The parties cite, as their only contemporary interpretation of the exemption raised here, *People v. Rinehart* (1967), 81 Ill.App.2d 125, 225 N.E.2d 486. In *Rinehart*, the defendant raised as an affirmative defense to his arrest for unlawful use of weapons the statutory exemption pertaining to watchmen while on duty. We held there that the State had the burden of proving the accused guilty beyond a reasonable doubt as to the affirmative defense as well as all other elements of the offense, and that the accused did not have the burden of proving his affirmative defense. In *Rinehart*, as in the instant case, there was no evidence that the defendant was not a watchman, that he was not employed by the private detective agency which he claimed was his employer, or that he was not engaged in the performance of his duties at the time of the arrest.

The arresting officer testified that he did not believe defendant was a guard because of his statement when originally stopped that he was a bartender. Johnson denied ever stating that he was a bartender. Further, Johnson's claim that he was indeed a guard was subsequently verified by his employer, who stated that Johnson did work for the firm and was actually on duty at the time of his arrest. We reiterate that this verification was unrebutted at the trial.

■■ In view of the foregoing, we hold that defendant's conviction was error by application of the exemption set forth in section 24—2(a)(4) of the Criminal Code. Accordingly, the judgment of conviction is hereby reversed.

Reversed.

ADESKO and BURMAN, JJ., concur.