THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. WILLIAMS, Defendant-Appellant.

(No. 59836; 

First District (4th Division)—April 23, 1975.

James J. Doherty, Public Defender, of Chicago (David W. Hirshboeck and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Robert E. Williams, was charged with the offense of unlawful use of weapons in that he knowingly carried a handgun concealed on or about his person. After a bench trial defendant was found guilty as charged and fined $90. Defendant appeals from the conviction.

The following evidence was heard on February 8, 1973. Officer James Shiffer testified that he stopped defendant's vehicle on December 31, 1972, because the car did not display a valid vehicle sticker and license plates. Officer Shiffer asked defendant for his driver's license, and defendant explained that he had surrendered it one week earlier in lieu of a bond when stopped for the same offense. Defendant produced a copy of the earlier ticket. Defendant was advised that he would have to post either a bond card or cash bond, and he responded that he wanted to go to the station to post a cash bond. Defendant was asked if he were carrying a weapon, and he replied affirmatively. Thereupon, Officer Shiffer searched his person and found a Smith & Wesson, 357 magnum revolver upon which defendant's conviction was based.

Defendant testified that he owned a TV repair shop and that he also was employed as a security guard by Roseman Enterprises. He explained that at the time of his arrest, he was on his way to Roseman Enterprises to make a security check. Defendant stated that the company had three

shifts, and although he had no definite hours, he was in effect on duty 24 hours a day and reported to the premises at least twice daily. Defendant further related that his gun was registered with the City and the State under his name. His State firearms owner's identification card and his employee card for the W. L. Lillard Bureau of Investigation were received into evidence. Additionally, an employee time sheet representing his employment as a security guard for the week of December 31, 1972, was received into evidence.

At the close of the evidence the court heard argument of counsel. Defense counsel stipulated to the State's entire case; however, he argued that defendant was exempt from conviction for unlawful use of weapons by reason of section 24—2 of the Criminal Code. Section 24—2 provides in relevant part:

"(a) Subsections 24—1(a)(3), 24—1(a)(4) and 24—1(a)(10) do not apply to or affect any of the following:

\* \* \*

(4) \* \* \* security guards while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment, provided that such commuting is accomplished within one hour from departure from home or place of employment, as the case may be \* \* \*." (Ill. Rev. Stat. 1973, ch. 38, par. 24—2.)

Thus, it was argued that inasmuch as defendant was commuting to his job as a security officer at the time of his arrest, he should have been found not guilty.

The prosecutor's argument was twofold. First, he alleged that defendant failed to affirmatively prove he was a security guard who was commuting to his place of employment, and therefore exempt under the statute. Second, he contended that the guard exemption to the unlawful-use-of-weapons statute was unconstitutional. His theory was that the exemption violated the equal protection clause of the fourteenth amendment in that it created an unfair classification of people.

The court reversed its ruling and continued the cause to March 21, 1973, in order to permit the parties to submit memoranda on the question of whether the security guard exemption was constitutional. Thereafter, the cause was continued several times until June 28, 1973, when the court made its ruling. On that day counsel for defendant was not present; however, in view of defendant's request that the trial proceed, the public defender was appointed to represent him. No memorandum of law was submitted on his behalf. After commenting on its own research and the history of the Bill of Rights, the court expressed the opinion that the exemptions guaranteed to persons described in section

24—2(a), subsection 4 were unconstitutional since they did not provide equal protection to the citizens of the State. The court reasoned: "It [the Act] is a special legislation * * * That by this legislation they are taking away from the average citizen the right to bear arms on the street and then giving it back without any reasonable classification for these persons that are covered by this exemption * * *."

The court found defendant guilty as charged on the ground that he did not carry his burden of proving an exemption under the Act. The court further held that the security-guard exemption to the unlawful-use-of-weapons statute was unconstitutional.

■■ We have carefully reviewed the record and hold that defendant offered substantial, unrebutted and uncontroverted proof that he was a security guard within the security guard exemption. As we stated in *People v. Rinehart*, 81 Ill.App.2d 125, 225 N.E.2d 486, where the accused properly and affirmatively raises the issue of statutory exemption, then the State must sustain the burden of proving him guilty beyond a reasonable doubt as to that issue together with all the elements of the offense. Ill. Rev. Stat. 1971, ch. 38, par. 3—2.

. The State places much reliance on statements made in *People v. Zazzetti*, 6 Ill.App.3d 858, 286 N.E.2d 745. As argued by the State, *Zazzetti* holds that the burden of proving a statutory exemption is upon the defendant, and therefore, the court may disbelieve the defendant's testimony even though it is wholly uncontradicted. Thus, it is argued that in the case at bar defendant's conviction was proper even though the State offered no evidence to rebut his claim of exemption.

■■ *Zazzetti* involved the application of section 24—2(f) of the Illinois Criminal Code which provides:

> "An information or indictment based upon a violation of any Subsection of this Article need not negative any exemptions contained in this Article. The defendant shall have the burden of proving such an exemption." (Ill. Rev. Stat. 1971, ch. 38, par. 24—2(f).)

As we read *Zazzetti*, that case held that the State need not prove the inapplicability of an exemption until the exemption is legitimately raised by the defendant. The court did not hold that the State need not produce rebuttal evidence once the issue is raised. The State confuses the distinction between the burden of proof and the burden of going forward with the evidence. It is a firmly settled proposition of law that the burden of proof never shifts to the defendant no matter what his defense may be. (*People v. Durand*, 307 Ill. 611) We view section 24—2(f) as placing the burden on defendant to produce a quantum of evidence sufficient to place the question of exemption in issue. Clearly, an exemption is an affirmative defense as defined by the Criminal Code (Ill. Rev. Stat. 1971, ch.

38, par. 3—2), and as we recognized in *Rinehart,* once an affirmative defense is raised the burden is on the State to prove defendant guilty beyond a reasonable doubt as to that issue. We reject the State's request to modify our holding in *Rinehart.*

■■ The State further contends that even if the security guard exemption be an affirmative defense, the defendant has failed to raise sufficient evidence to take advantage of it. In other words, it is argued that defendant's evidence is contradictory and implausible. We are not in accord. At trial, defendant supported his claim of exemption by offering into evidence his State firearms owner's registration card, his employee identification card for the W. L. Lillard Bureau of Investigation, as well as his testimony that he was on his way to work as a guard. He also produced an employee time sheet which corroborated his testimony that he was employed as a security guard on the day in question. Certainly, this is sufficient evidence to bring the security guard exemption into issue. The record discloses that after the trial was concluded, the State had many months to investigate the matter, but it made no attempt to disprove defendant's testimony. We hold that the State failed to meet its burden of proof, and therefore, defendant falls within the statutory exemption.

■■ In the State's brief it is claimed that the constitutional question is moot since the trial court held that the defendant did not fall within the statutory definition of the exempted class. Accordingly, the State did not feel it was necessary to argue this issue on appeal. We conclude that the State's failure to argue this issue is equivalent to a confession of error and we so hold. Perhaps, this is a matter which more properly should be brought to the attention of the legislature.

For the reasons stated the judgment is reversed.

Reversed.

ADESKO and JOHNSON, JJ., concur.