THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY L. SMITH, Defendant-Appellant.

Third District   No. 76-191

Opinion filed January 20, 1977.—Rehearing denied February 2, 1977.

Robert Agostinelli, Fran Gist, and Mary Robinson, all of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Robert Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant, Henry L. Smith, was indicted for the offense of unlawful use of weapons. He was convicted after a jury trial and sentenced to imprisonment for not less than three nor more than nine years. On appeal he contends that he was denied a fair trial because the evidence was insufficient to demonstrate that the weapon was immediately accessible to him and because the issues instruction given the jury failed to include accessibility of the weapon as an element of the offense to be proven by the State and further that an instruction was given the jury that defendant had to prove the affirmative defense of nonaccessibility by a preponderance of the evidence.

The State's evidence included the testimony of the arresting officers and the interviewing officers. The arresting officers testified that they had been directed to investigate a white Chrysler, license number UE9231. They observed the defendant approach the car and put his hand on the front door handle, at which time they arrested him. Both officers stated that they had not seen Smith in the subject vehicle, nor had they observed a weapon in the vehicle.

An interviewing officer testified that he questioned Smith, who stated that there was a weapon locked in the glove compartment of the Chrysler. This was corroborated by two other officers. The officer obtained the consent of the defendant to search the car, and since the defendant had no key to the glove compartment, it was pried open. A revolver was found therein.

Defendant testified that he had not had a key to the glove compartment

for three months. He denied ownership and possession of the revolver and denied having stated the contrary.

■■■ The State argues that the appellate court may not review the sufficiency of evidence unless a motion for a new trial has been argued before the trial court. The general rule has long been that the failure to raise an issue by a motion for a new trial constituted waiver of that issue. (*People v. Nunez* (1974), 24 Ill. App. 3d 163, 320 N.E.2d 462.) However, we consider that the general rule is not absolute. The purpose of the rule is to give to the trial court the opportunity to review the sufficiency of the evidence at the trial level, and thereby avoid the delay and expense inherent in an appeal. This opportunity may be presented to the trial court by means other than a motion for a new trial. (*People v. Johnson* (1973), 14 Ill. App. 3d 248, 302 N.E.2d 430.) In the instant case, defendant's motion for directed verdict presented such an opportunity to the trial court.

■■ The defendant argues that his conviction cannot stand because the weapon which he is charged with possessing was not immediately accessible to him. Transportation of a weapon not immediately accessible is permitted by the exemption listed at section 24—2(b)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 24—2(b)(4)). Immediate accessibility of a weapon requires that it be within the easy reach of one who need not make an appreciable change in his position in order to use the weapon. (*People v. Liss* (1950), 406 Ill. 419, 94 N.E.2d 320; *People v. McClendon* (1959), 23 Ill. App. 2d 10, 161 N.E.2d 584; *People v. Neimoth* (1926), 322 Ill. 51, 152 N.E. 537.) This does not mean, however, that the State must prove that defendant could reach the weapon by making no change in his position; rather, it means that his change must be something less than appreciable. Here it appears that the glove compartment could be reached by a less than appreciable change.

■■ Defendant also argues that he had no access to the weapon found in his glove compartment because he did not have a key to the glove compartment and had not had one for a period of months. We do not think the question here is accessibility as much as it is credibility. The testimony here is conflicting regarding the presence of the weapon in the glove compartment. The interviewing officers testified that the defendant stated the weapon was his; that it had been in the glove compartment for about four days; that he did not intend to be without one. The defendant at trial denied saying that. It is a well-established rule that the trier of fact is the determiner of the credibility of the witnesses. Unless his determination is so contrary to the facts that it results in fundamental unfairness, a reviewing court will not overrule his decision. (*People v. Novotny* (1968), 41 Ill. 2d 401, 224 N.E.2d 182; *People v. Tilden* (1974), 26

Ill. App. 3d 447, 325 N.E.2d 431; *People v. Ohley* (1973), 15 Ill. App. 3d 125, 303 N.E.2d 761.) In the instant case we find no such abuse by the trier of fact.

■■ The defendant also argues that he was denied a fair trial because the issues instruction given by the court failed to include accessibility as an element of the offense. Accessibility is not an element of the offense. It is an affirmative defense. The burden of proof as to an element of the offense or as to the inapplicability of an affirmative defense is upon the State. (*People v. Johnson* (1975), 27 Ill. App. 3d 541, 327 N.E.2d 427; *People v. Lott* (1962), 24 Ill. 2d 188, 181 N.E.2d 112.) The State need prove the defendant guilty beyond a reasonable doubt regarding the issue of accessibility only when that issue is raised by the defense. (*People v. Johnson* (1973), 14 Ill. App. 3d 254, 302 N.E.2d 430; *People v. Rinehart* (1967), 81 Ill. App. 2d 125, 225 N.E.2d 486; *People v. Bastein* (1974), 19 Ill. App. 3d 773, 312 N.E.2d 795; *People v. Williams* (1975), 28 Ill. App. 3d 67, 328 N.E.2d 192; *People v. Zazzetti* (1972), 6 Ill. App. 3d 858, 286 N.E.2d 745.) The burden of proof never shifts to the defendant. (*People v. Williams* (1975), 28 Ill. App. 3d 67, 328 N.E.2d 192.) The defense has only the burden of raising the issue of an exemption. *People v. Randle* (1975), 26 Ill. App. 3d 713, 325 N.E.2d 345; *People v. Lott* (1962), 24 Ill. 2d 188, 181 N.E.2d 112; *People v. Williams* (1975), 28 Ill. App. 3d 67, 328 N.E.2d 192; *People v. Zazzetti* (1972), 6 Ill. App. 3d 858, 286 N.E.2d 745.

■■ Once the issue is raised, the jury must be instructed as to the issues of the exemption (here, accessibility) as well as to every other issue. In the instant case, an instruction regarding unlawful use of weapons was tendered by the State. An instruction regarding accessibility was also given. We have reviewed the giving of both instructions. The record shows no defense objection to the giving of People's Instruction No. 13 defining unlawful use of weapons. The defense itself tendered the instruction given regarding accessibility. With these circumstances in mind, we find that the defendant waived later objection to the instructions. *People v. Curwick* (1975), 33 Ill. App. 3d 757, 338 N.E.2d 468.

■■ In determining whether a jury was properly instructed the court will review as a whole all the instructions given. If the series fully and properly informs the jury as to the applicable law, the trial court's judgment will not be overruled. *People v. Allen* (1976), 35 Ill. App. 3d 342, 341 N.E.2d 431.

For the reasons stated in the opinion, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.