SUSIE MAE BELL, Plaintiff-Appellant, *v*. THE CITY OF JOLIET, Defendant-Appellee.

Third District   No. 79-40

Opinion filed April 11, 1980.—Rehearing denied May 12, 1980.

Maureen A. Mitchel and Noel C. Lindenmuth, both of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago, for appellant.

Nicholas E. Sakellariou and Frederick C. Stavins, both of Joliet, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Susie Mae Bell, initiated this cause by filing a complaint in the circuit court of Will County to recover damages for personal injuries sustained in a fall allegedly caused by the negligence of defendant city of Joliet in failing to maintain its parkways. A jury trial resulted in a verdict for defendant and plaintiff appeals.

Uncontroverted are the facts concerning the circumstances giving rise to plaintiff's injuries. On February 23, 1971, plaintiff went to the home of a friend to deliver a piece of birthday cake and parked her automobile on the adjacent parkway. Exiting the automobile from the driver's side and walking on the street to the rear of the automobile, she found a "shallow spot" in a parkway "standing full of water, gravel, cinders and everything" and crossed the parkway onto a sidewalk. After a brief visit, plaintiff walked on the sidewalk to the passenger side of her automobile, placed her cake and purse on the seat, and "looked for a safe place to get across" the parkway. Seeing a "clump or something like a large ash tray" in a puddle, she thought she could cross onto the street by stepping on the object. When she did so, the object slid from under her foot, resulting in the injurious fall.

At the close of plaintiff's case, counsel for plaintiff made a motion *in limine* to prevent defendant from offering evidence as to the illegality of parking automobiles on Joliet parkways. As the trial court denied that motion, testimony that it was illegal to park between the sidewalk and the curb was offered through the direct testimony of Officer Patrick Breen in the following exchange:

"Q. Now, in your experience as a police officer, is it legal or illegal to park an automobile between the sidewalk and the edge of a roadway?

MR. LINDERMUTH: Objection, your honor.

THE COURT: I'll overrule it.

THE WITNESS: It's illegal, yes.

MR. MONAHAN: No further questions YOu [sic] may cross examine."

On appeal, defendant contends the trial court erred in denying the motion *in limine* and admitting the testimony of Officer Breen.

Considering first the denial of the motion *in limine*, we note the nature of the trial court's determination:

"There are logically two steps involved in a circuit court's ruling

upon a motion *in limine*. The first is for the circuit court to decide whether, as the moving party asserts, the rules of evidence require exclusion of the subject matter of the motion. If they do not, the motion must be denied. If, however, evidential rules require the exclusion of this evidence, the circuit court has discretion to grant the motion and to enter an order before trial excluding the evidence, or to deny the motion and to leave to the moving party the procedure of objecting to the evidence when it is offered at trial. See *People v. Van Riper*, 127 Ill. App. 2d 394, 398, 262 N.E.2d 141, 144." (*Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 195, 359 N.E.2d 752, 759.)

Accordingly, we first consider the trial court's application of the rules of evidence.

Plaintiff's motion was based on the contention that evidence of the illegality of parking an automobile on the parkway was irrelevant to any issue in this case. Defendant sought to introduce the evidence to establish that the condition of the parkway was the result of an activity proscribed by the city. It argues that evidence of a prohibition which might prevent defective conditions from arising would tend to prove that the city did not "allow" the conditions to occur, as alleged in plaintiff's amended complaint.

■■ Relevancy is established where a fact offered tends to prove a fact in controversy or renders a matter in issue more or less probable. (*E.g., Marut v. Costello* (1966), 34 Ill. 2d 125, 214 N.E.2d 768.) Paragraph 3 of plaintiff's amended complaint alleges that defendant "caused and permitted" the parkway "to become and remain in a hazardous condition." Paragraph 6(a) of the complaint alleges that defendant "improperly operated, managed, maintained and controlled" the street and parkway. We cannot say that the proscription of parking on the parkway is totally irrelevant to these allegations. Issues concerning defendant's permission, management and control over the parkway are specifically framed by the pleadings and the matter of the subject illegality bears directly upon these factors. While not a basis of objection, the evidence is similarly material, as it corresponds to the issues as framed in the pleadings. (See, *e.g.,* Hunter, Trial Handbook for Illinois Lawyers 312 (4th ed. 1972).) Therefore, we find the rules of evidence were properly applied, and the trial court correctly denied the motion.

As previously noted, plaintiff objected generally to the question regarding the subject illegality. On appeal, plaintiff contends that in addition to the matter of admissibility, the trial court erred in accepting the manner the evidence was presented. The effect of a general objection was considered in *Johnson v. Bennett* (1946), 395 Ill. 389, 398, 69 N.E.2d 899, 903-04:

" * * * This, of course, presented the question as to whether or not it was material to the issues before the court. Specific objection to evidence must be made in all instances where the objection, if specifically pointed out, might be obviated or remedied. Such objection must be specific so as to afford the adverse party an opportunity to make correction. (*Illinois Iowa Power Co. v. Rhein,* 369 Ill. 584.) However, a specific objection to the admission of evidence is unnecessary where it is manifest that the offered proof has no probative value whatever. The general objection raises the question of relevancy and materiality, only. (*Wrisley Co. v. Burke,* 203 Ill. 250; *Cantwell v. Welch,* 187 Ill. 275.)

Plaintiff contends her general objection preserved the question of the propriety of the manner the evidence of illegality was introduced as there is no need to specifically object at trial where the bases of objection have been stated in a motion *in limine.* Plaintiff overlooks the fact that the thrust of her motion was to exclude evidence she deemed irrelevant, a point well preserved for review by both the motion and general objection. While plaintiff, in the oral argument of her motion, stated another witness had "no right or authority to tell what—tell the jury what is legal or illegal in this case," she never objected to Officer Breen's testimony on this basis. Plaintiff also contends, in her post-trial motion, that there was no "proper foundation" for the testimony, however, the argument that the parking ordinance should have been presented in the form of a certified copy as mandated by section 14 of the Evidence Act (Ill. Rev. Stat. 1977, ch. 51, par. 14) was first made on appeal and has therefore been waived. *Cf. Snow v. Dixon* (1977), 66 Ill. 2d 443, 362 N.E.2d 1052, *cert. denied sub nom. Smith v. Snow* (1977), 434 U.S. 939, 54 L. Ed. 2d 298, 98 S. Ct. 429.

■■ Plaintiff also contends the evidence of illegality was highly prejudicial as defendant introduced the subject testimony to represent to the jury that "she was engaged in illegal activities and should not be compensated." Where evidence is relevant and otherwise admissible, it is not to be excluded because it may also have a tendency to prejudice an accused. (See *e.g., People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied* 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.) We find no reason to alter this rule in the civil arena, especially under the circumstances here present. In testifying to the subject illegality, Officer Breen never referred to plaintiff and, if she had been ticketed for the violation, no reference to the occurrence appears in the record. If plaintiff has been prejudiced by the testimony, a fact which has not been established, such prejudice would be minimal as we are dealing with a common parking violation. Even if this were not the case, the evidence would be nonetheless admissible as relevant to an issue at bar.

Plaintiff also argues she was prejudiced by being questioned as to whether she parked in front of a fireplug, a fact which she did not recall. As objection to the question is first made on appeal, the issue has been waived. *Cf. Snow v. Dixon* (1977), 66 Ill. 2d 443, 362 N.E.2d 1052, *cert. denied sub nom. Smith v. Snow* (1977), 434 U.S. 939, 54 L. Ed. 2d 298, 98 S. Ct. 429.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.