THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER F. LOCOCO, Defendant-Appellant.

Second District    No. 2—94—0852

Opinion filed March 14, 1995.

Steven R. Shamash, of Layfer, Cohen & Handelsman, Ltd., of Chicago, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton, and Howard M. Goldrich, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

Defendant, Christopher F. LoCoco, appeals the judgment of the circuit court of Du Page County finding him guilty of unlawful use of

a weapon and the order denying his motion for a new trial. The issue on appeal is whether the trial court erred in finding that defendant was not exempted from the charge by an exception for security guards who are on duty. We reverse.

On August 19, 1993, defendant was employed as a security guard for Enchanted Castle Restaurant. He reported to work at noon that day and had a 1 p.m. court appearance at the courthouse in Glendale Heights. He had been summoned by the Du Page County State's Attorney to testify as a complaining witness in a criminal matter relating to an incident at Enchanted Castle. Defendant's employer was aware that he was testifying that day.

As defendant was leaving the courthouse parking lot, a police car followed him. The police officer stopped defendant and defendant told the officer that he had a gun in the car. The officer found the gun in a "fanny pack" in the backseat. Defendant was charged with unlawful use of a weapon pursuant to section 24—1(a)(4) of the Criminal Code of 1961 (the Code) (720 ILCS 5/24—1(a)(4) (West 1992)).

On April 25, 1994, defendant was convicted following a bench trial. On June 22, 1994, the trial court denied defendant's motion for a new trial. Defendant filed a timely notice of appeal. On appeal, defendant argues that the trial court erred in concluding that defendant was not exempted from section 24—1(a)(4) of the Code by the exception provided in section 24—2(a)(6) of the Code (720 ILCS 5/24—2(a)(6) (West 1992)) for security guards on duty.

■ Section 24—1(a)(4) of the Code provides in relevant part:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm." 720 ILCS 5/24—1(a)(4) (West 1992).

Section 24—2(a)(6) of the Code provides in relevant part:

"(a) Subsections 24—1(a)(3), 24—1(a)(4) and 24—1(a)(10) do not apply to or affect any of the following:

\* \* \*

(6) Any person regularly employed in a commercial or industrial operation as a security guard for the protection of persons employed and private property related to such commercial or industrial operation, while actually engaged in the performance of his or her duty or traveling between sites or properties belonging to the employer \* \* \*." 720 ILCS 5/24—2(a)(6) (West 1992).

Defendant argues that the clear language of section 24—2(a)(6) of

the Code and *People v. Johnson* (1975), 27 Ill. App. 3d 541, demonstrates that defendant was actually engaged in the performance of his duty when he was arrested and was therefore exempt from section 24—1(a)(4) of the Code. In *Johnson*, a security guard at a tavern was arrested while driving on a public road. (*Johnson*, 27 Ill. App. 3d at 542.) The tavern had sent Johnson to pick up supplies, which was part of his regular job duties. Police stopped Johnson because of a broken taillight. Johnson told the officer that he was a security guard on duty and that he had a gun in the car. Johnson was convicted of the unlawful use of a weapon.

On appeal, Johnson argued that he qualified for an exemption for private security guards while actually engaged in the performance of the duties of their employment. (*Johnson*, 27 Ill. App. 3d at 544.) In reversing the conviction, the court found:

"The unrebutted testimony of Johnson and his employer is that, at the time of the arrest, Johnson was in the course of his employment performing duties requested of him by his employer. Nowhere in the record is there evidence that he was on a private jaunt unrelated to his employment." *Johnson*, 27 Ill. App. 3d at 544.

In the present case during the hearing on defendant's motion for a new trial, the trial court stated:

"I don't think the State has ever contended that and I certainly have never found in any ruling that I made that Mr. LoCoco was doing anything other than what was part of his duties within the scope of all the definitions of the security guard, which would include having to testify if he apprehends someone or holds someone for ultimate arrest by as [*sic*] police officer.

What I took issue in the case is under what circumstances. Under what types of duties does the state legislature have in mind that would permit the security guard the right to carry a weapon which would otherwise be in the interpretation of the limitations of the unlawful use of statute 24—1.

My interpretation of the statute at the time was that Subsection 6 creates an exemption for persons employed as a security guard for the protection of persons and private property while actually engaged in the performance of his or her duty. And I interpreted the word duty to mean for the protection of persons and private property relating to the commercial operation."

■ However, neither section 24—2(a)(6) of the Code nor *Johnson* indicates that, for the exemption to apply, defendant must be protecting persons or property at the time of the arrest. As in *Johnson*, defendant in the present case was in the course of his employment performing duties requested of him by his employer. As in *Johnson*,

nowhere in the record is there evidence that he was on a private jaunt unrelated to his employment. Although the legislature could have drafted the exemption to include only those who were performing the specific duty of protecting persons or property, section 24—2(a)(6) of the Code contains no such limitation. "While the judiciary has the authority to read language into a statute which has been omitted through legislative oversight, this authority must be used cautiously in criminal cases where statutes must be construed strictly in favor of the accused." *People v. Cornett* (1991), 210 Ill. App. 3d 110, 114.

Therefore, we conclude that the trial court erred in holding that defendant did not qualify for the exemption because he was not protecting persons or property at the time of his arrest.

For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County finding defendant guilty of unlawful use of a weapon.

Reversed.

INGLIS and HUTCHINSON, JJ., concur.